UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN W. GAUTHIER,

        Plaintiff,

v().                                      Case No. 12-CV-15146
                                           Honorable Denise Page Hood

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [#20], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#14], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#17], AND DISMISSING ACTION**

**I.    INTRODUCTION**

Plaintiff, Adrian Gauthier, is before the Court on an appeal of the Administrative Law Judge's June 9, 2011, decision, finding that he is not disabled under §§ 216(i) and 223(d) of the Social Security Act. On November 13, 2013, Magistrate Judge David Grand recommended that this Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the findings of the Commissioner. For the reasons stated below, the Court accepts the Report and Recommendation's findings of fact and conclusions of law. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**. The Commissioner's Motion

for Summary Judgment is **GRANTED**.  This case is **DISMISSED WITH PREJUDICE**.

## II.   BACKGROUND

### A.  The Administrative Law Judge's Decision

On December 30, 2009, Plaintiff filed a Title II application for a period of disability and Disability Insurance Benefits ("DIB"), alleging that he became disabled on October 30, 2009, due to what Plaintiff described as "back pain, chronic obstructive pulmonary disorder, hypertension, restless leg syndrome and sleep apnea." Plaintiff's claims were initially denied on July 7, 2010.  Plaintiff also requested Supplemental Security Income, which was denied on January 13, 2010, because "Gauthier was found to receive too much income to qualify."  Following the denial of Plaintiff's DIB claim, Plaintiff filed a request for a hearing on July 19, 2010.  On May 10, 2011, Plaintiff appeared and testified at a hearing in Traverse City, Michigan before Administrative Law Judge ("ALJ") Janice Shave.

In a decision dated June 9, 2011, ALJ Shave denied Plaintiff's claim for disability benefits, determining that Plaintiff was not disabled. Specifically, ALJ Shave completed the required five-step sequential evaluation process, pursuant to 20 CFR 404.1520(a), and concluded:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since October 30, 2009, the alleged onset date (20 CFR 404.1571, *et seq.*).

. . . .

3. The claimant has the following severe impairments: status post lumbosacral laminectomy, status post fusion L4-L5, right side S1 radiculopathy, right sacroiliac joint dysfunction, and spinal arthritis. (20 CFR 404.1520(c)).

. . . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1256).

. . . .

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he would require a sit/stand option. He could occasionally lift ten pounds floor to waist, thirty pounds waist to shoulder, fifteen pounds overheard, carry twenty-five pounds bilaterally, and pull forty pounds. The claimant could occasionally climb stairs, bend, kneel, crawl and occasionally perform repetitive squatting, including occasional sustained squatting, and frequently reach overhead. He could perform constant bilateral simple grasping, pushing, pulling, and fine manipulation.

**[ALJ Decision at 3-4]**.

After completing the five-step evaluation, ALJ Shave concluded that Plaintiff "is not disabled under sections 216(i) and 223(d) of the Social Security Act." **[ALJ Decision at 9]** ALJ Shave's decision became the final decision of the Commissioner in September 2012, when the Appeals Council denied Plaintiff's request for review. On November 20, 2012, Plaintiff filed the instant suit, seeking judicial review of the Commissioner's unfavorable decision.

### B. Magistrate Judge Report and Recommendation

On November 13, 2013, Magistrate Judge David Grand filed a Report and Recommendation concerning Plaintiff's request for benefits. Magistrate Judge Grand began by discussing Plaintiff's Disability Reports. Magistrate Judge Grand noted that in a January 12, 2010, disability report, Plaintiff reported that the "conditions preventing him from working [were] back pain, chronic obstructive pulmonary disorder, hypertension, restless leg syndrome and sleep apnea." **[Magistrate Report & Recc. at 2]** Plaintiff further reported that prior to him stopping work in October of 2009, he had previously worked for twenty-eight years as the co-owner of an insurance company, where he "oversaw office operations, sales, claim settlement, customer service, scheduling, [and] payroll." **[Magistrate Report & Recc. at 2]** The job required him to lift "up to fifty pounds occasionally, and do some stooping and

4

crouching" and Plaintiff reported taking numerous medications for his conditions which included "Darvocet, Mobic and Neurontin for pain, Flexeril as a muscle relaxant, Nexium for his stomach and Mirapex for restless leg syndrome" as well as a CPAP machine for sleep apnea. **[Magistrate Report & Recc. at 2]**

Additionally, Magistrate Judge Grand discussed a February 4, 2010, function report, in which Plaintiff reported that his days consisted of him "tending to his personal care, managing his medications, going into town for a hot chocolate, handling household chores 'the best that I can,' taking more medication, lying down to relieve back pain, eating dinner, watching television, taking additional medication and going to bed." **[Magistrate Report & Recc. at 3]** Plaintiff stated that about three to four days a week he took a bath to relieve pain and could no longer enjoy many of the things he used to do like hunt, fish, hike, boat, garden, run, walk, play sports or go cycling. Plaintiff further explained that his back and restless leg condition also interfered with his sleep because it kept him awake late and caused him to wake up repeatedly throughout the night when he did fall asleep. Plaintiff also complained about sleep complications caused by sleep apnea.

Though Plaintiff was limited in the ways described above, he reported that he was still able to "prepare simple meals daily, mow the grass on a riding lawn mower (with multiple breaks), do minor home repairs and 'help keep the house clean.'"

**[Magistrate Report & Recc. at 3]** He also reported that can drive and ride in a car, leave the house by himself, and shop, though he does not do so for very long because "walking on the store floor hurts his back and legs."  **[Magistrate Report & Recc. at 3]** Plaintiff stated that his pain interfered with his ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs and that his medications made it difficult for him to concentrate (due to his medications).  He has completed three or four rounds of physical therapy and has also had injections, though neither had given him long-term relief.

Third, Magistrate Judge Grand discussed a July 27, 2010, disability appeals report in which Plaintiff noted that his condition had "worsened" because he was now unable to sleep for long periods of time and also that his condition was causing him to become depressed.  Plaintiff reported his medications as including Mirapex, Ambien, Mobic, Flexeril, Lunesta, Lisinopril, Neurontin and Vicodin, as well as Nexium for reflux.  Plaintiff also reported that his legs, feet and back hurt more now than they did before.

In the last report discussed by Magistrate Judge Grand, dated December 9, 2010, Plaintiff reported his current medication list and noted that he had "began keeping a journal of his condition, beginning in December 2010, but then stopped after two entries and resuming in March 2011 for about two weeks." This journal had

6

been submitted to ALJ Shave to consider in making her decision. Notable to Magistrate Grand in the journal was Plaintiff's entry that he "unable to substantially help decorate his family's Christmas tree due to pain, being unable walk more than 10 minutes in the hardware store due to burning and pain, and difficulty navigating stairs."

Equally important, Magistrate Judge Grand referenced the Vocational Expert's ("VE") testimony at the hearing before ALJ Shave. Magistrate Judge Grand stated that VE Adolph Cwik testified that Plaintiff's past work as an insurance company owner would be classified by the Dictionary of Occupational Titles ("DOT") as sedentary with a skill level ("SVP") of 8 as generally performed, but light as performed by him. Cwik further stated that Plaintiff's transferrable skills would include "people management, organizational skills, paperwork organizing, supervisor experience, and the people skills would include in writing and by telephone." Magistrate Judge Grand noted that ALJ Shave asked the VE to imagine a hypothetical person of [Plaintiff]'s age, educational level and vocational background who was limited to:

> light work; the sit/stand option; never climbing ladders, ropes and scaffolds, occasional foot control operation; occasional climbing of stairs and ramps; occasional but not repetitive stooping; occasional kneeling; . . . never crouching and never crawling and no twisting of the back; the individual should limit the exposure to vibration to a

> maximum of three hours a day in one half-hour increments,
> [and] should avoid all exposure to unprotected heights.

**[Magistrate Report & Recc. at 15-16]** VE Cwik responded that such a person "would have a reasoning level of five, a math level of four and a language level of five, which would result in his being able to perform the job of ticket agent (2,960 jobs in the region) or automobile rental clerk (11,420 jobs)." ALJ Shave then posed a second hypothetical to the VE limiting the individual to:

> sedentary, sit/stand option; this individual could do a floor to waist lift occasionally that is up to 33% of the time up to 10 pounds; waist to shoulder lift up to 30 pounds; overhead lift 15 pounds; bilateral carry 25 pounds this is occasional; and pulling up to 40 pounds . . . [o]ccasional stair climbing, bending; occasional repetitive squatting; occasional sustained squatting; occasional kneeling; occasional crawling and frequent overhead reaching; the individual could also do constant simple grasping – bilateral simple grasping, pushing, and pulling, and fine manipulation but from a sedentary with a sit/stand option.

**[Magistrate Report & Recc. at 16]** The VE testified that such an individual "could perform the occupations of surveillance system monitor (2,790 jobs), ticket taker or gate attendant (3,040 jobs) or office manager (6,610 jobs)." ALJ Shave then added the conditions that the individual would need a 15 minute break, which included reclining, every hour of work or an individual who would need to be absent from work one day a week. The VE testified that such an individual "would still be able to

8

perform the office manager position." Lastly, ALJ Shave added the condition that the days the individual could work could not exceed eight hours and VE Cwik testified that that combination would "preclude work."

In determining to deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment, Magistrate Judge Grand assessed Plaintiff's argument, that "[t]he ALJ made an erroneous credibility determination and therefore his decision was not based on substantial evidence, meriting remand or reversal by this Court." Magistrate Judge Grand disagreed and found that "the ALJ's assessment of Gauthier's credibility, its RFC assessment, and ultimate finding that Gauthier is not disabled are all supported by substantial evidence." Magistrate Judge Grand noted that the Sixth Circuit has determined that an ALJ is in the best position to observe a witness's demeanor and to make an appropriate evaluation as to his credibility. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Further, an ALJ's credibility determination should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Magistrate Judge Grand stated that when an ALJ finds a medical condition that could reasonably be expected to produce the claimant's alleged symptoms, he must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining

9

physicians . . . and any other relevant evidence in the case record" to determine if the claimant's claims regarding the level of her pain are credible. Soc. Sec. Rul. 96-7, 1996 SSR LEXIS 4 at *3, 1996 WL 374186 (July 2, 1996); *see also* 20 C.F.R. § 404.1529.

Magistrate Judge Grand them moved to specifically address ALJ Shave's assessment of the evidence that was presented before her at the hearing. Magistrate Grand noted ALJ Shave's viewing Plaintiff's not following up promptly on his doctor's recommendation for physical therapy and stopping it after only a month as evidence suggesting that his symptoms "may not have been as serious as alleged in connection with this application and appeal." Magistrate Judge Grand evaluated ALJ Shave's finding that, despite Plaintiff's claims, "the record tended to suggest that he actually stopped working due to retirement," the ALJ's determination that Plaintiff reported engaging in activities that were "inconsistent with disabling pain, like hunting, fishing, and riding an all-terrain vehicle," and also that ALJ Shave noted that "[a]lthough such activities and a disability are not necessarily mutually exclusive, the [Plaintiff]'s decision to take part in them suggests the alleged symptoms and limitations may have been overstated." Viewing the record as a whole, Magistrate Judge Grand determined there was "no compelling reason to disturb the ALJ's credibility determination."

### D. Plaintiff's Objection to Magistrate Grand's Report & Recommendation

On November 27, 2013, Plaintiff filed an objection to Magistrate Judge Grand's Report & Recommendation to deny Plaintiff's Motion for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. In the objection, Plaintiff argues, as he did in his Motion for Summary Judgment, that the ALJ "failed to properly evaluate Plaintiff's medical evidence when determining his credibility." Plaintiff further contends that the Magistrate Judge "follow[ed] the same incorrect evaluation of Plaintiff's daily activities to undermine his credibility."

### III. ANALYSIS

Under the Act, disability insurance benefits are available only for those who have a "disability" within the meaning of the act. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" is defined in relevant part as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Any objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L. R. 72.1(d); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).

The standard this Court is required to follow is not whether substantial evidence supports the claimant's testimony, but rather whether substantial evidence supports the ALJ's findings. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). It is not within the Court's authority to reverse ALJ findings when they are supported by substantial evidence in the record simply because record evidence also exists to support a different conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001). The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference

from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994) (internal citations omitted) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986)). This "zone of choice" includes resolving conflicts in the evidence and *deciding questions of credibility*. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir.1987) (emphasis added). Consequently, this Court defers heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir.1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (citing *Mullen*, 800 F.2d at 545).

The Court has reviewed the file, the report and recommendation, and the Plaintiff's objections. The Plaintiff's objections echo precisely the arguments he made in his summary judgment motion. He contends that the ALJ made an erroneous credibility determination and, therefore, the ALJ's decision was "not based on substantial evidence, meriting remand or reversal." The Court notes that the Magistrate Judge considered this argument and discussed it in detail. Magistrate Judge Grand rejected Plaintiff's contentions. The Court believes that the Magistrate Judge correctly discussed the applicable law, agrees with his reasoning, and adopts it as its own.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Magistrate Judge David Grand's Report and Recommendation **[Docket No. 20, filed November 13, 2013]** is **ADOPTED**. The Court accepts the Report and Recommendation's findings of fact and conclusions of law in their totality.

**IT IS FURTHER ORDERED** that Plaintiff Adrian Gauthier's Motion for Summary Judgment or Remand **[Docket No. 14, filed April 8, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant, the Commissioner's Motion for Summary Judgment **[Docket No. 17, filed June 28, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

                                              s/Denise Page Hood  
                                              Denise Page Hood  
                                              United States District Judge

Dated: March 31, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager